**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**FRANK BRETT,**

 **Plaintiff,**

**vs.**                                                          **CASE NO. 1:08CV107-SPM/AK**

**ANGELO NIGRO, et al,**

 **Defendants.**

 _____/


**REPORT AND RECOMMENDATION**

Plaintiff has filed a civil rights complaint and a motion for leave to proceed in forma pauperis with financial affidavit.  (Docs. 1 and 2).  Plaintiff's motion to proceed without pre-payment of court costs (doc. 2) should be **GRANTED**, but it is the recommendation of the undersigned that the complaint be summarily dismissed.

In his complaint, Plaintiff has named several drug dealers, a stripper, the owners of two private business establishments and several lawyers.  (Doc. 1).  His allegations concern an incident where he was allegedly "stalked" by some of these persons and someone attempted to run over him in the Walmart parking lot.  He asserts claims under the Telecommunications Act based on the use of cell phone during this incident. As relief, he asks to be moved to a different state, placed in the witness protection program, and $10,000,000.00 from each of the defendants, some of whom are identified only by the type vehicle he saw them driving.

The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1]  <u>Neitzke</u> recognized two types of cases which may be dismissed, *sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990)(citing <u>Neitzke</u>).

Plaintiff describes several confrontations with individuals over drugs and money that he contends resulted in their attempts to run him over while he was riding a bicycle. He is suing the people whom he allegedly saw participate in criminal activity, the persons he believes tried to run him over, and others whom he alleges knew about the crimes and did nothing.  He accuses them of stealing his civil rights.

First, Plaintiff has named private citizens as defendants and as such they are not liable under 42 U.S.C. §1983 for civil rights actions.

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

**No. 1:08cv107-SPM/AK**

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In order to state a claim under §1983, a plaintiff must prove that a defendant deprived him of a right guaranteed by the Constitution or laws of the United States and that they were acting under color of state law.  Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970).  Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise.  Rayburn, etc. v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff has made no such allegations here.

Second, Plaintiff has not identified what constitutional rights were violated and he is asking for relief not granted by this Court.

Plaintiff in the case at bar has presented allegations that are clearly baseless and without any legal merit.  No Defendant should be put to the expense of answering such

**No. 1:08cv107-SPM/AK**

a complaint, and there is no reason to permit Plaintiff to file an amended complaint.  The

complaint simply fails to state a claim.  Therefore, summary dismissal of this action is

appropriate pursuant Fed. R. Civ. P. 12(b)(6).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted.

**IN CHAMBERS** at Gainesville, Florida, this _**14**$^{th}$_  day of May, 2008.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv107-SPM/AK**